JON M. SANDS
Federal Public Defender
District of Arizona
850 W. Adams, Suite 201
Phoenix, Arizona 85007
Telephone: 602-382-2700

ZACHARY CAIN, State Bar #020396
Asst. Federal Public Defender
850 West Adams Street, Suite 201
Phoenix, Arizona 85007
Telephone: (602) 382-2700
Fax: (602) 382-2800
Zachary_Cain@fd.org
*Attorney for Defendant*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                    Plaintiff,<br><br>        vs.<br><br>Chauncey Hollingberry,<br><br>                    Defendant. | No. 20-3058 MJ<br><br>**MOTION TO REVOKE DETENTION ORDER [Doc. 12]**<br><br>(Oral Argument Requested) |

Defendant Chauncey Hollingberry, through undersigned counsel, moves to revoke the Detention Order [Doc. 12] filed March 23, 2020 pursuant to 18 U.S.C. § 3145. In seeking to revoke this Order, the Defense asserts that consistent with the Bail Reform Act, 18 U.S.C. §3142(f), the Court can impose a combination of conditions that will reasonably assure the Defendant's appearance at future proceedings in this matter.

**I.      Background**

The Government charged Mr. Hollingberry by complaint with one count Cyber Stalking in violation of 18 U.S.C. § 2261A(2) [Doc. 3]. The Court conducted Mr. Hollingberry's initial appearance on March 16, 2020 [Doc. 7].

The Court held a Detention Hearing on March 20, 2020 [Doc. 10]. Prior to the Detention Hearing the Government filed its memorandum in support of detention [Doc. 8]. United States Pretrial Services also submitted two reports recommending that Mr. Hollingberry be released with conditions under the supervision of Pretrial Services [Doc. 5, Doc. 9]. United States Magistrate Judge Debra M. Fine conducted the hearing and ordered Mr. Hollingberry detained. The Court issued the Detention Order on March 23, 2020 [Doc. 12].

Judge Fine ordered Mr. Hollingberry detained pending trial concluding by clear and convincing evidence that defendant is a danger to the community [Doc. 12 at 1-2]. Judge Fine did not find that Mr. Hollingberry was a serious risk of flight.

**II.     Law and Argument**

18 U.S.C. § 3145(b) confirms the Court's authority to revoke or amend a detention order imposed by a magistrate judge. The statute states:

> If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

18 U.S.C. § 3145(b). The district court employs a "de novo" review of the magistrate judge's decision without deference to the magistrate judge's findings. *See United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990). The district court makes its own independent determination of whether the findings are correct. *Id*.

In Mr. Hollingberry's case, the Court should find that there are release conditions that the Court can impose that will ensure the safety of the community. Importantly, there is no presumption of detention in this case under 18 U.S.C. §3142(f). The Defendant asserts there are conditions the Court can impose such as home confinement/electronic monitoring, no contact with alleged victims, and limited or no internet usage. The nature of the charge relates to using the internet to create unwanted and threatening communications with the alleged victims. If the Court restricts Mr. Hollingberry's access to the means to communicate with the alleged victims, the purported danger can be adequately addressed.

Further, in light of the current COVID-19 pandemic crisis and the increased danger posed to incarcerated individuals, Mr. Hollingberry should be released with conditions.

### III. Conclusion

For the reasons stated above, the Defendant Chauncey Hollingberry moves the Court to revoke the detention order [Doc. 12] and release him under the supervision of United States Pretrial Services with conditions. The Defendant requests the Court order Pretrial Services to screen the Defendant's residence for home confinement/electronic monitoring suitability in advance of the oral argument on this motion.

Respectfully submitted: April 6, 2020.

JON M. SANDS
Federal Public Defender

*s/ Zachary Cain*
ZACHARY CAIN
Assistant Federal Public Defender

**CERTIFICATE OF SERVICE**

I certify that on April 6, 2020, I caused the foregoing document to be filed with the Clerk of Court for the United States District Court for the District of Arizona using the CM/ECF system. I further certify that all case participants are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*s/Zachary Cain*
ZACHARY CAIN
Assistant Federal Public Defender

Copy mailed to:

Chauncey Hollingberry
Defendant

*s/eg*

4