ANTHONY MARTIN
Attorney for the United States
Acting Under Authority Conferred by 28 U.S.C. § 515
District of Arizona

LISA E. JENNIS
Assistant U.S. Attorney
E-mail: lisa.jennis@usdoj.gov
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona  85004-4408
Telephone: (602) 514-7500
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>             Plaintiff,<br><br>     vs.<br><br>Chauncy Hollingberry,<br><br>             Defendant. | 20-3058MJ-001-PHX-MTM<br><br>**GOVERNMENT'S SECOND MOTION TO SUSPEND SPEEDY TRIAL CLOCK AND EXTEND TIME TO INDICT** |

The defendant was arrested on March 13, 2020, and the government initiated this felony case via complaint. Although 18 U.S.C. § 3161(b) requires that an indictment issue within 30 days from a defendant's arrest or the service of a summons, D. Ariz. General Orders 20-12 (issued March 16, 2020) and 20-20 (issued April 16, 2020) have suspended grand jury proceedings through June 1, 2020. These General Orders were issued to address the same public health concerns related to COVID-19 described in General Orders 20-10 and 20-13, which have been superseded by General Order 20-15 (issued March 20, 2020) and extended by General Order 20-17 (issued March 27, 2020) and General Order 20-20 (issued April 16, 2020), all of which recognize continued COVID-19 health and safety concerns.

Following General Order 20-12, this Court ordered an extension of the time for presentment of this case to the grand jury for 39 days and excluded the time period between March 16, 2020 and April 24, 2020, from the speedy trial clock, pursuant to 18 U.S.C.

§ 3161(h)(7)(A). The government now seeks an additional extension of the time to indict in light of General Order 20-20. Specifically, the government seeks to exclude the 43-day period of time from (and including) April 24, 2020 through June 5, 2020 from the speedy trial clock pursuant to 18 U.S.C. § 3161(h)(7)(A).[1]

Although General Orders 20-15, 20-17, and 20-20 address a district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's ends-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id*. at 507. And moreover, any such failure cannot be harmless. *Id*. at 509; *see also United States v. Pollock*, 726 F.2d 1456, 1461 (9th Cir. 1984) (holding Speedy Trial Act ends-of-justice provision requires on-the-record findings for pre-indictment delay).

Consistent with General Order 20-20 and 18 U.S.C. § 3161(h)(7)(A), the government therefore moves the Court to exclude time from (and including) April 24, 2020 through June 5, 2020, and any additional period of time should General Order 20-20 be further extended or renewed as a result of COVID-19. Although the Speedy Trial Act does not specifically address this situation, this Court has the discretion to exclude time in a given case based on pandemics, natural disasters, or other emergencies. *See Furlow v. United States*, 644 F.2d 764 (9th Cir. 1981) (affirming two-week ends of justice continuance following eruption of Mt. St. Helens).

As General Order 20-15 describes and General Order 20-20 references, the President of the United States has declared a public health emergency in response to the spread of the virus, and the Governor of the State of Arizona has declared a public health

---

[1] This case would likely be eligible for a 30-day automatic extension of time pursuant to 18 U.S.C. § 3161(b) because the defendant's arrest occurred during a time period in which no grand jury was in session in the District. However, because the court's first General Order suspending grand jury proceedings did not issue until March 16, 2020, and out of an abundance of caution, the government files this motion for an additional 43-day exclusion of time.

1  emergency throughout the state. On March 16, 2020, President Trump released guidelines
2  that call for people to avoid gathering in groups of more than 10 people. Pursuant to Fed.
3  R. Crim. P. 6(a)(1), a grand jury must have 16 to 23 members.

4  Additionally, when grand jury sessions resume, the government will need time to
5  summon a witness to present the case, prepare the required forms, and set aside sufficient
6  time before the grand jury within its usual scheduled meeting times to present each case
7  affected by the suspension of grand jury proceedings.

8  Pursuant to 18 U.S.C. § 3161(h)(7)(B)(i) and (iii), it is unreasonable to expect return
9  and filing of the indictment when the grand jury is not in session, or immediately upon its
10 return, and the failure to grant an extension is likely to make continuation of the
11 proceedings impossible and result in a miscarriage of justice. The government therefore
12 requests an extension of the current indictment deadline and requests that time be excluded
13 for 43 days from (and including) April 24, 2020 through June 5, 2020.

14 Based on the foregoing, this Court should enter an order making case-specific
15 findings of fact that an extension of time to indict and excludable delay are appropriate
16 under the ends-of-justice exception, § 3161(h)(7)(A).

17 Undersigned counsel has contacted defense counsel, Zachary Cain, who does not
18 objection to this motion.

19 Respectfully submitted this 1st day of May, 2020.

ANTHONY MARTIN
Attorney for the United States
Acting Under Authority Conferred by 28 U.S.C. § 515

*s/ Lisa E. Jennis*
LISA E. JENNIS
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of May, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing a copy to the following CM/ECF registrant:

Assistant Federal Public Defender Zachary Cain

*s/ Andrea Flores-Cromwell*
U.S. Attorney's Office