# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. 20-3058MJ |
| Plaintiff, | |
| v. | **ORDER** |
| Chauncey Hollingberry, | |
| Defendant. | |

The Court has considered the Government's Second Motion to Suspend Speedy Trial Clock and Extend Time to Indict (Doc. 20). There being no objection, and good cause appearing,

**The Court finds:**

1. Pursuant to 18 U.S.C. § 3161(b) and in light of the date the complaint issued, this case requires presentment to the grand jury between April 21, 2020 and May 14, 2020.

2. Pursuant to D. Ariz. General Orders 20-12 and 20-20, all grand jury proceedings have been further suspended, and the grand jury will not be in session until after June 1, 2020.

3. Fed. R. Crim. P. 6(a)(1) requires a grand jury to have between 16 and 23 members.

4. Due to the effect of the public health recommendations on the ability of grand jurors and counsel to be present in the courtroom in light of the recent outbreak of

Coronavirus Disease 2019 (COVID-19) and the well-documented concerns surrounding this virus, the time period for presentment to the grand jury in this case will be extended by an additional 43 days from the current indictment deadline.  The time period between April 24, 2020 and June 5, 2020 shall be excluded under the Speedy Trial Act.  The Court specifically finds that the ends of justice served by ordering the extension outweighs the best interests of the public and any defendant's right to a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)(A).  This finding is based on the above and following additional facts:  (a) the President of the United States has declared a public health emergency in response to the spread of COVID-19; (b) the Governor of Arizona has also declared a public health emergency; (c) the Chief Judge of the Court has entered General Order 20-15 and subsequent General Orders in response to the public health emergency; (d) the Court's ability to obtain and screen a fair cross-section of jurors has been impaired by the public health emergency; and (e) potential health risks raised by convening a large number of jurors for jury selection, and by holding daily trial involving counsel and their assistants, court staff, representatives of the Marshal's office, jurors, and the parties, could distract participants or hurry the trial process in a manner inconsistent with the ends of justice. In addition, pursuant to 18 U.S.C. § 3161(h)(7)(B)(i) and (iii), the Court finds that a miscarriage of justice would result if time were not excluded under these unique circumstances, during which it is unreasonable to expect return and filing of the indictment within the period specific in § 3161(b).

**IT IS ORDERED** granting the Government's Second Motion to Suspend Speedy Trial Clock and Extend Time to Indict (Doc. 20).

Dated this 1st day of May, 2020.

_____
Honorable Deborah M. Fine
United States Magistrate Judge